# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.

**NIKIA TULL,**

Defendant.

Case Number: 2:20CR00009-001

USM Number: 94072-083

Defendant's Attorney: Patrick A. Mullin

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1-21, 23-34, 35-39 after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 26 U.S.C. 7206(2) | Aiding and Assisting in Preparation of False Tax Returns | Felony | February 8, 2018 | 1-21, 23-34 |
| 18 U.S.C. 1343 and 2 | Wire Fraud | Felony | September 5, 2019 | 35-39 |

As pronounced on April 12, 2021, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 15 day of April, 2021.

/s/
Robert G. Doumar
Senior United States District Judge

Robert G. Doumar
Senior United States District Judge

**Case Number:** **2:20CR00009-001**
**Defendant's Name:** **TULL, NIKIA**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **THIRTY-THREE (33) MONTHS**. The term consists of TWENTY-FIVE (25) MONTHS on Count 1 and TWENTY-FIVE (25) MONTHS on Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34, all to be served concurrently with Count 1. In relation to Count 35, the Court imposes a sentence of EIGHTEEN (18) MONTHS, and a term of EIGHTEEN (18) MONTHS on Count 36, 37, 38, and 39. The first TEN (10) MONTHS of the sentences in Count 35, 36, 37, 38, and 39 are to run concurrent with the sentence imposed in Counts 1-21 and Counts 23-34 and the remaining EIGHT (8) MONTHS is to be served consecutive to the term imposed in Count 1-21 and Counts 23-34, resulting in a total term of THIRTY-THREE (33) MONTHS.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall receive mental health treatment while incarcerated and shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the Bureau of Prisons and authorize communication between the Bureau of Prisons and any treatment provider.

2) The defendant shall be housed in a minimum-security institution.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: ______________________________

______________________________

Defendant delivered on ______________ to ______________
at ______________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
DEPUTY UNITED STATES MARSHAL

**Case Number:** 2:20CR00009-001
**Defendant's Name:** TULL, NIKIA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. This term consists of a term of ONE (1) YEAR on Counts 1 through 21 and Counts 23 through 34 and a term of THREE (3) YEARS on Counts 35 through 39, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse, and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. 3563(a)(5). However, this does not preclude the probation office from administering drug tests as they deem appropriate.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Case Number:** 2:20CR00009-001
**Defendant's Name:** TULL, NIKIA

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant is prohibited from engaging in any form of self-employment, any aspect of tax services, accounting, bookkeeping or payroll services, and/or any similar occupation where the defendant would have access to money without the specific written permission of the probation officer.

2) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

5) The offender shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

6) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be partially paid by the defendant as may be directed by the probation officer.

7) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and to the Bureau of Prisons and authorize communication between the probation officer, the Bureau of Prisons, and any treatment provider.

**Case Number:** 2:20CR00009-001
**Defendant's Name:** TULL, NIKIA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $162,460.00 |
| 2 | $100.00 | $0.00 | $0.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| 4 | $100.00 | $0.00 | $0.00 |
| 5 | $100.00 | $0.00 | $0.00 |
| 6 | $100.00 | $0.00 | $0.00 |
| 7 | $100.00 | $0.00 | $0.00 |
| 8 | $100.00 | $0.00 | $0.00 |
| 9 | $100.00 | $0.00 | $0.00 |
| 10 | $100.00 | $0.00 | $0.00 |
| 11 | $100.00 | $0.00 | $0.00 |
| 12 | $100.00 | $0.00 | $0.00 |
| 13 | $100.00 | $0.00 | $0.00 |
| 14 | $100.00 | $0.00 | $0.00 |
| 15 | $100.00 | $0.00 | $0.00 |
| 16 | $100.00 | $0.00 | $0.00 |
| 17 | $100.00 | $0.00 | $0.00 |
| 18 | $100.00 | $0.00 | $0.00 |
| 19 | $100.00 | $0.00 | $0.00 |
| 20 | $100.00 | $0.00 | $0.00 |
| 21 | $100.00 | $0.00 | $0.00 |
| 23 | $100.00 | $0.00 | $0.00 |
| 24 | $100.00 | $0.00 | $0.00 |
| 25 | $100.00 | $0.00 | $0.00 |
| 26 | $100.00 | $0.00 | $0.00 |
| 27 | $100.00 | $0.00 | $0.00 |
| 28 | $100.00 | $0.00 | $0.00 |
| 29 | $100.00 | $0.00 | $0.00 |
| 30 | $100.00 | $0.00 | $0.00 |

**Case Number:** **2:20CR00009-001**
**Defendant's Name:** **TULL, NIKIA**

| | | | | |
|---|---|---|---|---|
| | 31 | $100.00 | $0.00 | $0.00 |
| | 32 | $100.00 | $0.00 | $0.00 |
| | 33 | $100.00 | $0.00 | $0.00 |
| | 34 | $100.00 | $0.00 | $0.00 |
| | 35 | $100.00 | $0.00 | $0.00 |
| | 36 | $100.00 | $0.00 | $0.00 |
| | 37 | $100.00 | $0.00 | $0.00 |
| | 38 | $100.00 | $0.00 | $0.00 |
| | 39 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | | **$3,800.00** | **$0.00** | **$162,460.00** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The defendant must make restitution to the following payees in the amount listed below.

IRS-RAC $162,460.00
ATTN: Mail Stop 6261, Restitution
333 West Pershing Avenue
Kansas City, MO 64108

**Total Restitution** **$162,460.00**

**Case Number:** **2:20CR00009-001**
**Defendant's Name:** **TULL, NIKIA**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

Any balance remaining unpaid on the special assessment and/or restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $250.00 per month, until paid in full. Said payments shall commence 60 days after the defendant's supervision begins.

Any special assessment or restitution payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine, restitution, or special assessment by the United States.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, including the special assessment and restitution, are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.